

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-26-00028-CR

IN RE JOHN C. DENELSBECK, III

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

John C. Denelsbeck, III, proceeding pro se, has petitioned this Court for mandamus relief. Denelsbeck "seek[s] relief from embellishment(s) by his trial counsel, Brady Rule violation and Due Process violation." Denelsbeck also describes his trial counsel's "representation as adverse and not merely ineffective." We deny Denelsbeck's requested relief.

Section 22.221 of the Texas Government Code states, in part,

(a) Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

(b) Subject to Subsection (c-1), each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district.

TEX. GOV'T CODE ANN. § 22.221(a)–(b) (Supp.). To the extent Denelsbeck asks us to compel his trial counsel to act,[1] this Court does not have jurisdiction to issue a writ of mandamus against him unless it is necessary to enforce our jurisdiction in another proceeding. That is not the case here.

Furthermore, Denelsbeck maintains that, for a variety of reasons, his counsel's representation at trial was ineffective and that "[s]uch warrants an Arrest of Judgment." Previously, Denelsbeck filed an application for a writ of habeas corpus in the Texas Court of Criminal Appeals maintaining that his trial counsel was ineffective. According to Denelsbeck, the Court of Criminal Appeals denied his application on July 2, 2025. If Denelsbeck is asking

---

[1] In his petition, Denelsbeck does not identify a respondent with any degree of clarity. Furthermore, Denelsbeck's prayer for relief does not assist the Court in making that determination. He states only that he "prays that this court will grant his: 'PETITIONERS APPLICATION FOR [A] WRIT OF MANDAMUS' and utilize its position to exercise its misisterial [sic] function and grant Petitioner the relief requested herein."

2

this Court to order the Court of Criminal Appeals to reverse its ruling, there are a number of reasons we are unable to grant his request. Among them, this Court does not have mandamus jurisdiction over that court. *See* TEX. GOV'T CODE ANN. § 22.221 (Supp.).

Moreover, in the event that Denelsbeck is asking this Court to order the trial court to reverse his conviction, we deny his requested relief. Among several other reasons, Denelsbeck has not provided this Court with an adequate record. Rule 52.3(k) of the Texas Rules of Appellate Procedure requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(k). The petition in this case does not contain the required certification.

Next, Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure states that a "[r]elator must file with the petition" "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Also, Rule 52.3(l)(1)(B) states, "The appendix must . . . contain . . . a certified or sworn copy of the relevant trial court order, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(l)(1)(B). Denelsbeck failed to comply with either of those rules. We conclude that Denelsbeck has failed to comply with the Texas Rules of Appellate Procedure.

For these reasons, we deny Denelsbeck's petition for a writ of mandamus.


Charles van Cleef
Justice

Date Submitted:     February 10, 2026
Date Decided:       February 11, 2026

Do Not Publish